279 P.2d 857

**O. L. REYNOLDS and W. R. McDowell, Plaintiffs-Appellants,**

v.

**J. F. PORTER, Defendant-Appellee.**

No. 5761.

Supreme Court of New Mexico.

Feb. 4, 1955.

Jess R. Nelson, Truth or Consequences, W. A. Sutherland, Las Cruces, for appellants.

J. D. Weir, L. J. Maveety and Whatley & Oman, Las Cruces, for appellee.

SADLER, Justice.

The plaintiffs (appellants) joined in suing defendant in ejectment for possession based on alleged separate ownership of small tracts of land in Dona Ana County, New Mexico. The plaintiff, Reynolds, set up his causes of action in the first two counts of the complaint, in the first of which he claimed possession of Tracts 1 and 2, the former containing three acres and latter

being .83 acres in extent and sought damages for the detention thereof. In his second cause of action he asked damages only for the flooding of the land described in his first cause of action.

The third and fourth causes of action were set up by the plaintiff, McDowell. In the third as amended, he claimed ownership of a small described tract containing 1.1 acres and damages for detention. In his fourth cause of action McDowell asked damages from defendant, Porter, for flooding the tract of land described in his third cause of action as replaced by a trial amendment.

The parties agree that defendant answered by general denial and counterclaim in which he sought a decree quieting his title to the several tracts claimed of him by the respective plaintiffs. Trial was before the court without a jury without objection by anybody by reason of the misjoinder, if any, of either parties or causes of action. The record is so large, we think the simplest method of placing the issues tried before the district court is by a recitation of the facts found and the conclusions deduced therefrom. They follow:

"Decision of the Court

"The Court having considered the pleadings, having heard and considered all of the evidence, the argument of counsel and the Briefs submitted by the respective counsel, makes the following

"Findings of Fact

"1. That the defendant and counterclaimant, J. F. Porter, and his wife, Edna Jewel Porter, are the owners and are in possession of the following described lands and parcels of real estate situate in Dona Ana County, New Mexico, to-wit:—

"Tract 1

"All of that certain piece and parcel of real estate situate in the SW¼, Sec. 27 and in the NW¼ Sec. 34, T. 18 S., Range 4 W., N.M.P.M., fully described in warranty deed dated January 19, 1950 from H. G. Hansen, a single man, to Joel Fontain Porter and Edna Jewel Porter, filed January 23, 1950, and of record in Book 121 at Page 591 of the Records and Deeds of Dona Ana County, New Mexico, containing 19.015 acres, more or less, designated as part of county plat 2309 and as Serial No. E-90 on the U.S.R.S. maps at Las Cruces, N. M., bounded on the north and west by public roads; on the south by U.S.R.S. Serial No. 109A and on the east by Garfield Drain.

"Tract 2

"A portion of the SW¼ NW¼, Sec. 34, T. 18 S., R. 4 W., N.M.P.M., containing 19.57 acres, more or less, fully described in warranty deed dated January 19, 1950, from R. G. Hansen, a single man, to Joel Fontain Porter and Edna Jewel Porter, filed January 23, 1950 and of record in Book 121, Page 592 of the Records of Deeds of Dona Ana County, N. M., designated as county plat 2320 and as Serial No. E-110 on the U.S.R.S. maps at Las Cruces, N. M., bounded on the west and south by Garfield Canal and lands of the United States; on the east by public road and on the north by community irrigation lateral and Serial "E-88 and E-89 on the maps of the U.S.R.S. at Las Cruces, N. M.

"2. That by warranty deed from the Elephant Butte Land Company to the plaintiff, O. L. Reynolds, dated January 15, 1942, filed January 28, 1942, and of record in Book 103 at Page 338 of the Records of Deeds of Dona Ana County, New Mexico, said plaintiff is the owner of lands therein described lying westerly of defendant's Tract 1 and northerly of defendant's Tract 2 described in Finding of Fact No. 1 above, which said Reynolds' lands are further designated as Tract E-89 at Las Cruces, New Mexico.

"3. That by warranty deed from the Elephant Butte Land Company to the plaintiff, W. R. McDowell dated May 3, 1941, filed January 18, 1943, and of record in Book 104 at Page 509 of the Records of Deeds of Dona Ana County,

New Mexico, said plaintiff is the owner of lands therein described located northerly of defendant's tract 2 described in Finding of Fact No. 1 above, which said McDowell lands are further designated as Tract E-88 on the maps of the United States Reclamation Service at Las Cruces, New Mexico.

"4. That the common owner and predecessor in title of plaintiffs' Tracts E-88 and of defendant's Tract E-90 (Tract 1 fully described in Finding of Fact No. 1) was the Elephant Butte land Company.

"5. That in the year 1935 D. C. Carver contracted in writing to purchase plaintiff Reynolds' Tract E-89 from the Elephant Butte Land Company; that D. C. Carver sold and assigned his contract of purchase and was succeeded in interest and ownership by ———— Cook, and that Cook in the year 1936 or 1937 sold and assigned said contract of purchase and was succeeded in ownership and interest by the plaintiff O. L. Reynolds, who thereafter acquired title under said contract by virtue of the conveyance specified in Finding of Fact No. 2 above.

"6. That in 1935 plaintiff Reynolds' Tract E-89 was uncultivated and covered with cottonwood trees, tornillo, and bosque and was cleared in that year by D. C. Carver who also constructed and lived in a house in the northeasterly corner thereof now occupied by plaintiff Reynolds.

"7. That in the year 1935 Durwood Powers contracted in writing to purchase defendant's Tract E-90 from the Elephant Butte Land Company, and pursuant to said contract acquired title thereto by warranty deed dated December 14, 1940, filed February 3, 1941 and of record in Book 99, Page 439, of the records of Deeds of Dona Ana County, New Mexico.

"8. That in the year 1935, pursuant to his contract to purchase, Durwood Powers went into possession and lived upon defendant's Tract E-90, which was then only partially cleared and cultivated and which was located easterly and contiguous to plaintiff Reynolds' said Tract E-89.

"9. That in the year 1935 B. B. Romig, a surveyor employed by the Elephant Butte Land Company, staked out a 20 foot road between plaintiff Reynolds' Tract E-89 (then occupied by D. C. Carver) and defendant's Tract E-90 (then occupied by Durwood Powers), which road commenced on the north at an east-west county road bounding Tracts E-89 and E-90 along the north, and ran southeasterly to the southwest corner of defendant's Tract E-90 (the Powers tract) and the south-

easterly corner of plaintiff Reynolds' Tract E-89 (The Carver Tract), dividing and forming a boundary line between said two tracts.

"10. That pursuant to the location of said road by Surveyor Romig, and by express mutual agreement of D. C. Carver and Durwood Powers, the then occupants and contract purchasers of plaintiff Reynolds' Tract E-89 and defendant's Tract E-90, and with the approval of one Caudill, land agent and representative of the Elephant Butte Land Company, the location of said road was fixed and determined, and was thereafter cleared by Carver, Powers and others and opened for public use and travel.

"11. That since its construction in the year 1935 said road between plaintiff Reynolds' Tract E-89 and defendant's tract E-90 has remained in its original location, and at all times has been mutually recognized, accepted and acquiesced in by both plaintiff Reynolds and the defendant and their respective predecessors in title as the easterly boundary of Tract E-89 and the westerly boundary of Tract E-90.

"12. That plaintiff Reynolds and his predecessors in title at no time have been in possession of any lands east of said road between Tracts E-89 and E-90; and that since the year 1935, the defendant Porter and his predecessors in title, have continuously occupied and have been in the open, visable, adverse and exclusive possession of all lands lying east of said road, and have leveled and cultivated such lands and made permanent improvements thereon, consisting of an irrigation ditch paralleling said road on the east from north to south, with numerous concrete irrigation turn-outs therein.

"13. That defendant and counter-claimant, J. F. Porter, and his predecessors in title, for more than 10 years, have continuously assessed and paid the taxes accruing upon all lands lying easterly of said road between Plaintiff Reynolds' tract E-89 and defendant's Tract E-90.

"14. That at no time prior to the year 1951 did plaintiff Reynolds or his predecessors in title assert any claim to lands lying east of said road between tracts E-89 and E-90.

"15. That for the years 1941 to, 1951, both inclusive, plaintiff Reynolds rendered and paid construction charges for irrigation purposes to the Elephant Butte Irrigation District at Las Cruces, New Mexico on Tract E-89 on the basis of an area of 14.49 acres, and likewise during said period rendered assessments of and paid taxes to the County Treasurer of Dona Ana Coun-

ty, New Mexico, on said tract on the basis of an area of 14.49 acres.

"16. That for the purpose of irrigating Tract E-90 defendant and his predecessors in title have continuously used, for more than five years, a community irrigation ditch running from the easterly bank of the Garfield Canal on to and along the northerly portion of plaintiff's Tracts E-88 and E-89 and entering defendant's Tract E-90 at the northwesterly side thereof through an underground box or tube.

"17. That plaintiffs, McDowell and Reynolds, have at all times cultivated their respective lands up to the south bank of said east-west community irrigation ditch located along the northerly portion of their respective tracts.

"18. That plaintiff McDowell, when irrigating his Tract E-88, cut sangrillas or eyes in the south bank of said community irrigation ditch; and that plaintiff Reynolds has wooden turn-outs or boxes in said ditch for irrigation of his Tract E-89.

"19. That the south bank of the aforesaid community irrigation ditch is lower than the north bank, and by reason of poor maintenance together with the turning of farm equipment on the south bank by plaintiffs, and maintenance of livestock and poultry by plaintiffs along said ditch, together with cuts made in the ditch by plaintiff McDowell, irrigation water has at times escaped from the ditch when being used by the defendant to irrigate his tract E-90. That negligent use by the defendant of a larger head of water than the box under the road would carry has also contributed to the overflowing of the ditch on the south bank through plaintiff McDowell's land.

"20. That the established custom and practice for users of community irrigation ditches is to close all cuts and turn-outs therefrom on the lands of the respective owners when not used by such owner, so that the succeeding user can secure passage of water through the same without danger of waters escaping therefrom.

"21. That during the irrigation seasons of 1950, 1951 and 1952, by reason of the condition of the ditch and the failure of plaintiffs to properly maintain it and close cut-outs and turn-outs therefrom and by reason of the fact that the defendant negligently tried to carry in said ditch more than it would adequately handle, water temporarily escaped from said ditch onto the lands of plaintiffs when the same was being used by the defendant Porter to irrigate his aforesaid Tract E-90. No specific damage was established by plaintiffs by reason thereof except August or September 1952 when the yard of plaintiff

Reynolds was over-flowed and feed stuffs flooded thereby to his damage in the amount of $100.00, plus damage to 12 bales of hay of the value of $1.50 per bale, plus nominal damages in the amount of $50.00 for each of the years 1950 and 1951.

"22. That a community irrigation ditch approximately 16 feet in width originates on the east bank of the Garfield Canal near the southwest corner of plaintiff McDowell's Tract E-88 and the northwest corner of defendant's tract E-110 (Tract 2 fully described in Finding of Fact No. 1 hereof) and extends easterly along the south side of defendant's Tract E-110 to a north-south public road on the east.

"23. That said community irrigation ditch has been located in its present position since before the year 1935, and that until about 1949 or 1950 a fence was in place along the northerly bank thereof across plaintiff's Tracts E-88 and E-89.

"24. That said community irrigation ditch has been continuously used by defendant and his predecessors in title since before the year 1935 to irrigate defendant's Tract E-110, and that defendant and his predecessors in title have been in the open, visible, continuous, adverse and exclusive possession under color of title of all lands up to and including the fence line along the northerly bank of said community irrigation ditch, and have continuously assessed said lands and paid the taxes thereon for more than 10 years.

"25. That plaintiffs and their predecessors in title have at no time used the said community irrigation ditch located between their said Tracts E-88 and E-89 and defendant's said Tract E-110, and have never possessed or occupied any lands south of the north bank of said ditch, and prior to the year 1952 made no claim to any lands south of the fence line along the north bank of said ditch.

"26. That for more than 20 years the fence line along the bank of the aforesaid community irrigation ditch between plaintiffs' Tracts E-88 and E-89 and defendant's Tract E-110 has been mutually accepted, recognized and acquiesced in by plaintiff and defendant and their respective predecessors in title as to the south boundary of plaintiffs' Tracts E-88 and E-89 and the north boundary of defendant's Tract E-110.

"From the foregoing Findings of Fact, the Court makes the following

"Conclusions of Law

"1. The three acre tract claimed by plaintiff Reynolds lying east of the north-south road between Tracts E-89 and E-90 is owned by the defendant J.

F. Porter and his wife Edna Jewel Porter by virtue of an agreement entered into in 1935 between D. C. Carver, Durwood Powers and the Elephant Butte Land Company that such road would be the dividing road and boundary between said tracts.

"2. That the three acre tract claimed by plaintiff Reynolds lying east of the north-south road between E-89 and E-90 is owned by the defendant J. F. Porter and his wife Edna Newell Porter by virtue of mutual acceptance, recognition and acquiescence of such road as to the established boundary by plaintiff Reynolds and the defendant and their respective predecessors in title for more than 10 years.

"3. That the 68 foot strip of land containing 0.83 acres claimed by the plaintiff Reynolds and the 68 foot strip of land containing 1.1 acres claimed by plaintiff McDowell lying south of the north bank of the east-west community ditch between plaintiffs' Tracts E-88 and E-89 and the defendant and counter-claimant J. F. Porter and his wife Edna Jewel Porter by virtue of open, visible, continuous, adverse and exclusive possession thereof under color of title and payment of taxes for more than 10 years.

"4. That the 68 foot strip of land containing 0.83 acres of land claimed by plaintiff Reynolds and the 68 foot strip of land containing 1.1 acres claimed by plaintiff McDowell south of the north bank of the east-west community ditch between plaintiffs' Tracts E-88 and E-89 and defendant's E-110 are owned by the defendant J. F. Porter and his wife Edna Jewel Porter because of mutual acceptance, recognition and acquiescence by plaintiffs and defendant and their respective predecessors in title for more than 20 years of a fence along the north bank of said east-west community irrigation ditch between said Tracts E-88 and E-89 and E-110.

"5. That the title of J. F. Porter and wife Edna Jewel Porter in and to the three acre tract lying east of the north-south road between plaintiff Reynolds' Tract E-89 and defendant's Tract E-90 in and to the two 68 foot strips containing 0.83 acres and 1.1 acres lying south of the north bank of the east-west community ditch between plaintiffs' tracts E-88 and E-89 and defendant's Tract E-110 should be forever quieted and set at rest and that the plaintiffs should be barred and estopped from having or claiming any lien, right, title or interest in and to said tracts of land.

"6. Plaintiff Reynolds is entitled to damages in the total sum of · $168.00 for water damage sustained by him and negligently caused by the defendant in

August or September of 1952 and including nominal damages for damage sustained because of the fault of the defendant through the years 1950 and 1951.

"All Requested Findings of Fact and Conclusions of Law inconsistent herewith are hereby denied, to which the parties are allowed exceptions."

Having made findings and conclusions as set out above, the trial court entered judgment conformably thereto, adjudging and decreeing that plaintiff, O. L. Reynolds, take nothing by his first cause of action against defendant, Porter, and that the same should be dismissed; that as to plaintiff Reynolds' second cause of action he have and recover of defendant, Porter, the sum of $168.00 for damages negligently resulting to lands and crops of said plaintiff in years 1950 and 1951, by allowing irrigation waters to flow over and across plaintiff's lands. It was further ordered that the plaintiff McDowell take nothing on his third and fourth causes of action and that the same should be and were dismissed as to the plaintiff, McDowell. Finally, it was ordered, adjudged and decreed that the title of defendant J. F. Porter and his wife, Edna Jewel Porter, in and to the lands described in paragraph 1 of findings of fact as Tracts 1 and 2, should be forever quieted and set at rest and that the plaintiffs, O. L. Reynolds and W. R. McDowell, had no interest therein and that each should be forever barred and estopped from claiming any right, title or interest thereto.

It was specifically adjudged in the decree touching the three acres claimed by plaintiff, Reynolds, along the west boundary of defendant's and counter-claimant's Tract No. 1 (U.S.R.S. Serial E-90), as follows:

"It is further considered, ordered, adjudged, decreed and declared that the west boundary of defendant and counter-claimant's Tract 1 (U.S.R.S. Serial E-90) above described and the dividing line between such tract and plaintiff Reynolds' Tract E-89 is a north-south road twenty (20) feet in width between said Reynolds Tract E-89 and defendant's Tract E-90 constructed in the year 1935 by the predecessors in title of the respective parties and still in its original location; and that the north boundary of defendant and counter-claimant's Tract 2 (U.S.R.S. Serial E-110) is the north bank of an east-west community irrigation ditch running easterly from the Garfield Canal between said Tract E-110 and plaintiffs' Tracts E-88 and E-89."

From the decree so entered against the plaintiffs they have prosecuted this appeal seeking a reversal of same and a direction for entry of a decree in their favor or, in the alternative, that they be awarded a new trial.

While deed descriptions of lands owned by the respective parties are carried in the pleadings and findings, it may contribute to a better understanding of the issues, if we point out that only a very small portion of the lands described in the deeds are in issue or controversy between the parties. Counsel for plaintiffs (appellants) in their brief in chief describe the tracts in controversy, identifying them by the serial numbers on maps of United States Reclamation Service, relating to larger tracts of which they are a part, as follows:

"(1) the road running from the southeast corner of E-89, in a north-westerly direction across E-89 to intersection with a county road on the north boundary of tract E-89, containing .8 acre, and

"That triangular portion of land lying east of the above road and within the exterior lines of appellant Reynolds' tract E-89, and west of appellee's tract E-90, containing 2.2 acres;

"(2) that portion of land lying south of a line designated as 'north toe ditch bank', and within the exterior lines of appellant Reynolds tract E-89 on the south, containing 0.83 acres;

"(3) that portion of land lying south of a line designated as 'north toe ditch bank', and within the exterior lines of appellant McDowell's tract E-88 on the south, containing 1.10 acres."

It is to be noticed, of course, that plaintiffs' counsel in thus listing the small tracts in controversy, in each instance, states the disputed tract lies within the exterior lines of tracts claimed by either Reynolds or McDowell, their clients, as identified by serial number on maps of United States Reclamation Service. Whether actually the disputed tracts do lie within the exterior lines of plaintiffs' lands is one of the very matters in dispute and the trial court found otherwise. Whether such findings, quoted above, have sufficient support in the evidence, presents the basic challenge on this appeal and we think it does.

As a matter of fact, the main issue in the case revolved around the three-acre tract described as Tract No. 1, claimed both by Reynolds and by Porter. It is to be noted that according to the findings, the west boundary of defendant's Tract 1 (U.S.R.S. E-90) and the dividing line between such tract and plaintiff Reynolds' Tract E-89 was a road constructed in the year 1935 by the predecessors in title and interest of the respective parties and still in its original location. This was testified to by several witnesses.

It is apparently true, as pointed out by counsel for defendant that the deed descriptions do not refer to this road but the record affords abundant evidence that the road was in fact the boundary established in 1935 by predecessors in title and interest of both

parties, claiming under a common grantor, and so treated at all times thereafter by the parties until 1951 or 1952, Woodburn v. Grimes, 59 N.M. 717, 275 P.2d 850, when Reynolds had the land described in his deed surveyed and was advised the survey showed the deed descriptions embraced this road and approximately two acres to the east thereof.

■ Counsel for plaintiffs' themselves, seem to recognize that their attack on the judgment reviewed under Point 1 which is a challenge to sufficiency of the evidence to support findings of fact Nos. 1, 2 and 3, reduces itself to testing sufficiency of the evidence to support such findings. In their brief in chief they say:

> "In a sense, the attack under this point on certain findings of fact and refusal to make appellants' proposed findings, relates to the sufficiency of the evidence of the entire record to support the findings of fact as made by the court, and the plaintiffs' suit in ejectment is the remedy ordinarily invoked in the settlement of boundary disputes. Murray Hotel Co. v. Golding, 54 N.M. 149 [216 P.2d 364]."

There is still another reason aside from sufficiency of the evidence to support the trial court's findings with reference to the three acres involved in the controversy between Reynolds and Porter over where lies the true boundary between Tracts E-89 of Reynolds and E-90 of Porter. Notwithstanding the fact that for years the road mentioned was recognized by these parties and their predecessors as marking the dividing line between their two properties, Woodburn v. Grimes, supra, as well as other acts on Reynolds' part consonant therewith, when he made demand on Porter for the small acreage, the latter, as explained by him, anxious to have good relations with his neighbors and sensing that Reynolds was angry over the matter, even went so far as to offer to give the disputed strip to him, took down his fence and moved off. Reynolds declined to accept this generous offer. Whereupon Porter went even further and offered to buy from Reynolds but the latter would not take it as a gift, nor would he sell. Such an attitude alone suffices to uphold the trial court's action as to the three-acre tract unless we are to hold courts may be made the forum for gratifying the sheer joy of litigation.

■ We have carefully reviewed the record brought up by the parties. In size and extent it is out of all proportion to what must be the value of the small tracts involved. We find no error as to any of the findings made or conclusions deduced therefrom. The record being free from error the judgment of the trial court will be in all things affirmed, except as to an item of damages in sum of $50. Due to miscalculation, it is not included in the amount awarded plaintiff Reynolds as damages.

Nevertheless, this Court has inherent power to correct this obvious error and the defendant joins in asking us to do so. Thus it is that the award of damages to Reynolds against Porter on the former's second cause of action should have been, and should be corrected to read, $218 instead of $168, which amendment of its judgment the trial court is directed to make. So amended the judgment will be in all things affirmed.

It is so ordered.

COMPTON, C. J., LUJAN and Mc-GHEE, JJ., concur.

KIKER, J., not participating.